CHARLES EDWARD PAINE *vs.* EMMA L. SACKETT *et al.*

PROVIDENCE—JANUARY 22, 1904.

PRESENT: Tillinghast, Douglas, and Dubois, JJ.

(1) *Equity Pleading. Cross Bill.*

To a bill in equity brought by a trustee, praying that certain portions of the trust estate might be divided from the residue and held separately for certain *cestuis*, respondents in their answer joined issue upon the law and facts, and in the character of a cross bill prayed for the removal of the complainant trustee:—

*Held*, that the portion of the answer seeking removal of the trustee was not proper as matter for a cross bill, and should be stricken out. The office of a cross bill is to obtain affirmative relief upon the case stated in the bill, not to obtain relief with regard to other matters.

BILL IN EQUITY, on facts stated in opinion. Heard on motion to strike out portion of answer. Motion granted.

DOUGLAS, J. This is a motion by the complainant to strike out portions of the answer of certain defendants.

The bill is brought by one of the trustees who is also a beneficiary under the will of Daniel Paine, against his co-trustees and those presently and contingently interested, and prays that certain portions of the trust estate may be divided from the residue and held separately in trust for certain *cestuis*.

The prayer for relief is based upon two propositions.

1st. That under the provisions of the will the estates held

in trust may be separated into parcels and the parcels held for the benefit of different *cestuis que trustent*.

2nd. That it would be for the benefit of the parties interested to have such a separation of the trust estate.

The answer denies that under the terms of the will any of the beneficiaries except Daniel Griswold and Alexander M. Griswold have a right to demand a separation of interests, and avers that the said Griswolds do not desire such a separation; and, further, the answer denies that a separation is expedient.

The answer thus completely meets the statements of the bill, and joins issue upon the propositions of law and fact which it sustains.

(1)    The answer then continues, assuming the character of a cross bill, and alleges misbehavior and incapacity in the complainant trustee, and prays that he be removed.

The motion is to strike out the latter averments and prayer.

We think these portions of the answer are not proper as matter for a cross bill, and should be stricken out.

Neither question involved in the prayer of the bill is affected by the personal character of the complainant trustee. If the court should answer both questions in the affirmative the mode of division would be under its direction and control, and the acts of the trustees in pursuance of the orders of the court would be subject to its approval or correction. If such proceedings are to be taken, they need not be delayed by any change of trustees. If the answer proper is sustained, the bill will be dismissed.

These latter paragraphs introduce an issue quite separate from the question whether or not the complainant is entitled to the relief he prays for. The trustees are merely nominal parties to this proceeding, and if one or all of them should be supplanted by others, the complainant, as a beneficiary under the will of Daniel Paine, would still be entitled to prosecute his suit to final decision.

The office of a cross bill is to obtain affirmative relief upon the case stated in the bill; not to obtain relief with regard to other matters. A cross bill is a defence to the original bill,

or "a proceeding necessary to a complete determination of a matter already in litigation." Story Eq. Pl. section 399; 5 Ency. Pl. & Pr. 641. The rule is imperative that the new facts sought to be introduced by it (the cross bill) must be so directly and closely connected with the cause of action set up in the original bill as to render the cross suit a mere auxiliary of the original suit, or a graft or dependency upon it. Beach Mod. Eq. section 433.

In the case at bar the introduction of the question presented by the cross bill would only tend to complication and delay. If the parties desire the removal of the trustee, they should apply by direct bill or petition.

*Everett L. Walling*, for complainants.

*Van Slyck & Mumford, Theodore F. Green, Charles P. Robinson*, for various respondents.